UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL MCGORE,

              Petitioner,              Case No. 2:14-cv-174

v.                                    Honorable R. Allan Edgar

JEFF WOODS,

              Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Darryl McGore is incarcerated at the Chippewa Correctional Facility (URF). Petitioner is challenging his January 22, 1976, convictions for armed robbery and carrying a concealed weapon. Petitioner's appeal was denied by the Michigan Court of Appeals on March 20, 1978, and by the Michigan Supreme Court on October 20, 1978. Petitioner filed a motion for relief from judgment, which was denied by the state trial court on March 9, 1984. Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on December 18, 1984, and by the Michigan Supreme Court on March 9, 1985. Petitioner took no further action until he filed his habeas corpus application on or about August 11, 2014.[1]

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on August 11, 2014, and it was received by the Court on August 18, 2014. Thus, it must have been handed to prison officials for mailing at some time between August 11, 2014, and August 18, 2014. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 20, 1978. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 19, 1978.

In 1984, Petitioner filed his motion for relief from judgment, which was denied by the trial court on March 9, 1984. Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on December 18, 1984, and by the Michigan Supreme Court on March 9, 1985.

Petitioner took no further action to challenge the above convictions until he filed the instant habeas corpus action.

The court notes that Petitioner's conviction became final prior to the effective date of the AEDPA. Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). As noted above, Petitioner did not file the instant habeas corpus petition until August 11, 2014.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner fails to provide evidence that he is actually innocent. *Schlup*, 513 U.S. at 329. Therefore, Petitioner is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: November 5, 2014

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).